CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 25 2008

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| GERALD BROWN,<br>　　Plaintiff, | )<br>)　Civil Action No. 7:08-cv-00050<br>) |
| v. | )　**MEMORANDUM OPINION**<br>) |
| ROCKY WOOD, et. al.,<br>　　Defendants. | )　By: Hon. James C. Turk<br>)　Senior United States District Judge |

Plaintiff Gerald Brown, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. §1343. In his complaint, Brown alleges that officers at the Southwestern Virginia Regional Jail have put him in fear for his life because he is a black man in a jail where most of the staff and other inmates are not black. He seeks injunctive relief to be moved to another jail and to train jail officers in race relations. Upon consideration of the complaint, the court finds that this action should be dismissed pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim upon which relief may be granted.[1]

Brown alleges the following sequence of events from which his claims arise. When Brown asked officer Rocky Wood to help him with some information about his new housing assignment, Wood told Brown that he "was in the wrong neck of the woods to be asking questions." When Brown asked Doug Baker to help him with "requests or grievances or my appeal," Baker did not help him and told him "that [Brown] didn't want to store [sic] any shit or [he] would regret it. Then said (Just look around) he [meant] that I was the only black staff and inmates in the jail." Sherry Yates came through Brown's pod for "Library Day" while Brown was asleep. Just as she was leaving the

---

[1] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under §1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

1

pod, Brown woke up and asked her for a book and a magazine, telling Yates that there was "no time limit." She smirked at him "very hatefully" and told him, "Right now they [sic] are." Brown asserts that these incidents demonstrate that officials at the jail "hate a black man" and that they are very mean and prejudiced. He states that he fears for his life and asks to be transferred to another jail.

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). Verbal abuse and harassment by guards, without more, does not state any constitutional claim. See Cullins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979). "Not every push or shove" violates a person's constitutional rights, Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973). Nor does the constitution "protect against all intrusions on one's peace of mind." Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991). A guard's verbal harassment or idle threats to an inmate, even if they cause an inmate fear or emotional anxiety, do not constitute an invasion of any identified liberty interest. Id.; Emmons v. McLaughlin, 874 F.2d 351, 354 (6th Cir. 1989) (verbal threats causing fear for plaintiff's life not an infringement of a constitutional right); Keyes v. City of Albany, 594 F. Supp. 1147 (N. D. N.Y. 1984) ("[T]he use of vile and abusive language [including racial epithets], no matter how abhorrent or reprehensible, cannot form the basis for a §1983 claim."). Courts have identified only two categories of verbal threat that are potentially violative of the Eighth Amendment— namely, repeated threats of physical harm, see Doe v. Welborn,, 110 F.3d 520, 524 (7th Cir.1997) (stating that prisoner did not show "the kind of extreme and officially sanctioned psychological harm that might support a claim for damages under the Eighth Amendment"), or a threat accompanied by conduct supporting the credibility of the threat, see, e.g., Northington v.

2

Jackson, 973 F.2d 1518, 1522 (10th Cir.1992) (describing how parole officer held gun to prisoner's head while threatening to kill him). Merely conclusory allegations of race discrimination are insufficient to state a claim. Chapman v. Reynolds, 378 F. Supp. 1137 (W.D. Va. 1974).

Under these principles, Brown's allegations simply do not give rise to any claim of constitutional proportions. None of these defendants threatened him directly with physical harm. He does not allege that any of them even mentioned his race, nor does he state any facts demonstrating that any of them, because of his race, took actions adverse to his interests. He chose to interpret their comments as implying that as a black man, he is in danger if he complains. Such speculative conclusions, without any facts in support, are insufficient to state any constitutional claims related to the officers' comments. Accordingly, the court finds that plaintiff's complaint must be dismissed for failure to state a claim, pursuant to §1915A(b)(1). An appropriate order shall be entered this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5). The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 25th day of February, 2008.

/s/ James C. Turk
Senior United States District Judge